## Beggs v. Beggs

*Robert G. Coglizer,* for libellant.

HOBAN, J., December 11, 1946.—This is an action for divorce brought by the husband against the wife respondent. On July 15th the court, through Hoban, J., handed down a decree dismissing the libel. On September 21, 1946, within the term during which the initial judgment was rendered, libellant filed a rule to open the judgment entered on July 15, 1946, for the reason that the judgment, in the light of the opinion in the case of Macormac v. Macormac, 159 Pa. Superior Ct. 378, is erroneous. The opinion of the Superior Court in the Macormac case was filed on July 19, 1946, and, of course, was not known to this court at the time the case at bar was decided.

We dismissed the libel in Beggs case on the theory that while libellant proved facts which indicated desertion on the part of the wife, which, if persisted in for the statutory period would justify a divorce, and other facts which might have led to a finding of adultery if the case had been prepared on that basis, in our opinion the conduct of respondent did not amount to indignities to the person. Obviously the conduct of the wife, as well as some of her stated expressions, were enough to show that she had transferred her affection to another man, had lost all affection or regard for libellant and no longer desired to continue her married life. We were of the opinion then, and are of the same opinion now, that if demonstrated loss

of wifely regard and the intermittent or continued association with a paramour is enough to justify a divorce on the ground of indignities, we have gone a long way toward establishing "easy" divorce. Time without number our higher courts have stated that "easy" divorce is abhorrent to the law.

We were further of the opinion, and so we are now, that to allow a divorce on the ground of indignities in a situation where the real grounds are desertion or adultery, is to authorize a speedy divorce contrary to the desertion requirements of the statutes or to blacken the characters of both respondents and corespondents without regard to the quality of proof required in averments of adultery.

But in the light of the Macormac case we can no longer justify our judgment in the case at bar. The Macormac case was, as here, an uncontested case. Macormac, libellant, testified that his wife admitted to him that she was in love with another man, was going with him, cared nothing at all for libellant and wanted to marry the other man. The wife's association with the other man was testified to by Macormac as follows:

"I learned that she had been going around with the other man since I had been there before and her attitude hadn't changed toward me."

This, of course, is pure hearsay and no corroborating testimony was offered. Most of the association of the wife with the other man in the Macormac case occurred while libellant was away in the military service, a similar situation to that of Beggs in this case.

On the testimony as briefed above, the master recommended a divorce. The lower court refused to grant the divorce and dismissed the libel, but on appeal the Superior Court reinstated the libel and directed the lower court to enter a decree on the ground of indignities to the person.

We can read the Macormac case in no other way but to stand for the principle that where a spouse disavows her affection for her husband, abandons her wifely duties, openly prefers the society of another man, whom she states she desires to marry, on the unsupported testimony of the husband to that effect a divorce may be granted on the ground of indignities to the person. It is understandable, of course, that the faithful spouse's life may be rendered miserable by such a situation, but heretofore the voluntary abandonment of marital love and duty has never been considered a cause for divorce in Pennsylvania, unless the requirements of the desertion clause of the Divorce Act were met. Pennsylvania now should prepare to take its place with the courts in our Western States where incompatibility, mental cruelty, and other flimsy excuses for divorce have caused our divorce situation to become a National scandal.

Our appellate courts have often stated that the Commonwealth is a third party to every divorce suit; that divorce should never be easily obtained, and only should be granted for clear and imperious reasons. Apparently the only representative of the Commonwealth at an uncontested divorce hearing is the master or the trial judge who passes on the case initially. We have the assistance of neither proctor nor amicus curiæ. It is obvious that if the interests of the Commonwealth to maintain marriage and the family as an institution are to receive any support, it will have to come from outside our present adversary system of judicial administration. The principle of the Macormac case will make divorce by consent, although technically not by collusion, a commonplace. Be that as it may, we are of the opinion that the ruling in the Macormac case, substantially broader in application than the situation in the case at bar, controls us. Hence, the judgment must be opened and libellant here granted a divorce.

Now, December 11, 1946, the rule to show cause why judgment should not be opened is made absolute; the libel is reinstated, and it is ordered and decreed that the marriage between William L. Beggs, libellant, and Elizabeth Rozelle Beggs, respondent, is dissolved, and the parties are divorced or separated from the nuptial ties or bonds of matrimony.